(No. 3640—

ROBERT H. GAULT, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 10, 1942.*

Claimant, pro se.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

ECKERT, J.

On August 31, 1940, claimant, Robert H. Gault, was appointed Administrative Assistant to A. L. Bowen then Director of the Department of Public Welfare, for the purpose of "selling the State to the people." The appointment was for the period of September 1st to December 31st, 1940 at a salary of $250.00 per month with clerical and traveling expenses not to exceed $125.00 per month. At the expiration of this period, claimant continued to work without further express authorization until February 26th, 1941, when the Director of the Department of Public Welfare refused to approve his expense accounts and refused to continue the project upon which he was working.

Subsequent to February 26, 1941, claimant continued to work until June 30th, 1941, apparently on the theory that his project was unfinished and was of such importance as to necessitate its continuance. This portion of the claim however, has now been abandoned, so that claimant seeks an award only for salary and expenses from January 1, 1941 to February 26, 1941.

The record contains copy of a letter from A. L. Bowen to W. F. Meyer, Chief Clerk in the Department of Public Welfare, of date April 1, 1942, in regard to claimant's employment. It states in part as follows:

"Governor Horner and I arranged for his employment for the last six months of 1940. I made it plain to him that, since he was being paid from our contingent fund, I could not, nor could the Governor, commit our successors to this arrangement beyond December 31, 1940. I believe that he was paid for this period. It seems now that he worked and incurred expenses during January and February, 1941."

Claimant's testimony was to like effect. He also testified that upon change of administration, in January, 1941, he sought reappointment, but without success.

Claimant's employment was for a definite period. This, he clearly understood. Under the terms of his contract, such employment ended on December 31st, 1940. Thereafter he was not lawfully appointed or employed by the State. There is therefore no basis for an award. *Klimczak, et al.* vs. *State,* 11 C. C. R. 110; *Moore* vs. *State,* 11 C. C. R. 491.

Claim is therefore denied.